NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARNEY PERRY,<br><br>                    Plaintiff,<br><br>        v.<br><br>ESTATES OF DONALD BYRD, et. al.,<br><br>                    Defendants. | Civil Action No. 2:13-cv-1307<br>(SDW) (MCA)<br><br><br>**OPINION**<br><br><br><br>October 1, 2014 |

**WIGENTON**, District Judge.

Before this Court is pro se Plaintiff Barney Perry's "Notice of Appeal" filed August 25, 2014, which challenges the ruling of Magistrate Judge Madeline Cox Arleo. *(ECF Dkt. 32)*.[1] Although not appropriately filed as an appeal, Plaintiff's submission will be treated as one in the interest of judicial efficiency. For the reasons set forth below, this Court **AFFIRMS** Judge Arleo's ruling.

**BACKGROUND**

Plaintiff commenced the instant action on March 5, 2013. *(ECF Dkt. No. 1)*. His complaint alleges that Defendants deprived him of royalties in breach of the parties' agreement. *(See ECF Dkt. No. 3)*. To date, none of the named defendants have entered an appearance before this Court. The United States Marshal Service made two failed attempts to serve Plaintiff's summonses and complaint to the Defendants—first, directly to the Estate of Donald Byrd at an address provided

---

[1] This Court is also in receipt of Plaintiff's letter, filed September 25, 2014, titled "Grievance of Judicial Misconduct against Magistrate Judge Arleo." *(ECF Dkt. No. 33)*.

1

by Plaintiff on May 3, 2013, and later to a Stephan Kopitko, care of the Estate of Donald Byrd, on May 13, 2013. *(See ECF Dkt. Nos. 7 and 9).* Both summonses were returned unexecuted and with a note that the intended recipients were not available at the listed address.[2] *Id*. On November 4, 2013, Plaintiff filed an opposition to Defendants' Motion to Dismiss although Defendants did not move to dismiss Plaintiffs' complaint. *(ECF Dkt. No. 17).* On November 15, 2013, this Court issued a Notice of Call for Dismissal for failure to effect service of the summons and complaint within the requisite 120-day time period, pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). *(EFC Dkt. No. 19).* Thereafter, Plaintiff filed a series of non-responsive "applications/motions": a motion for summary judgment and default judgment was filed on November 18, 2013 *(ECF Dkt. No. 20)*; an Amended Complaint on February 4, 2014 *(ECF Dkt. No. 23)*; "Notice of New Defendants" on February 7, 2014 *(ECF Dkt. No. 24)*; a "Motion to Enforce Plaintiff's Recissions [sic]" on March 6, 2014 *(ECF Dkt. No. 25)*; a "Motion for Defendants to Pay Damages" on March 6, 2014 *(ECF Dkt. No. 26)*; and yet another "Notice of New Defendant" on March 13, 2014 *(ECF Dkt. No. 27)*. On May 23, 2014, Judge Arleo issued a letter order dismissing Plaintiff's myriad motions without prejudice and barring Plaintiff from filing further pleadings or motions without leave of Court. *(ECF Dkt. No. 33).* On August 25, 2014, Plaintiff filed the instant motion for review of Judge Arleo's May 23, 2014 order. *(ECF Dkt. No. 32).*

**LEGAL STANDARD**

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A Magistrate Judge's disposition on a non-dispositive motion may be modified or set aside if the ruling was "clearly erroneous or

---

[2] Plaintiff filed a proof of service on June 21, 2013 which includes a copy of an envelope marked "return to sender, not at this address." *(See ECF Dkt. No. 12.)*

2

contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). On the other hand, an order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

**DISCUSSION**

It is axiomatic that the procedural requirement of service of process must be satisfied before a federal court may exercise personal jurisdiction—and its authority—over a defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Pursuant to Rule 4(m), Plaintiff is required to accomplish service of process within 120 days of the commencement of his action. Rule 4(m) further mandates that the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." *See Fed. R. Civ. P. 4(m).* Here, Plaintiff has yet to perfect service of process more than a year after he filed his complaint. This Court has no power to adjudicate claims against defendants who have not been properly served. *See Lampe v. Xouth, Inc.*, 942 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.") Therefore, Judge Arleo's order dismissing Plaintiff's several motions for relief—which falls short of this Court's

3

authority to dismiss the action as a whole—is not mistaken, and is in keeping with the procedural standards of the federal district court.  Finding no clear error, this Court **AFFIRMS** Judge Arleo's order dated May 23, 2014. A corresponding order accompanies this opinion.

s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:    Madeline Cox Arleo, U.S.M.J.
       Steven C. Mannion, U.S.M.J.
       Parties